USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/16/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
LOUIS SBAR,
                    Plaintiff,

    -v-

DIST. COUNSEL 37 HEALTH & SECURITY FUND
TRUST,

                    Defendant.
----------------------------------------X

05 Civ. 10708 (DLC)

MEMORANDUM OPINION
AND ORDER

DENISE COTE, District Judge:

    The plaintiff Louis Sbar has moved to remand this action to state court. The defendant District Council 37 Health and Security Fund Trust resists on the ground that this action, which seeks attorney's fees, is an attempt to nullify or circumvent an order of this court, and thus can be said to arise under the laws of the United States. It is unnecessary to explore the contours of this doctrine, since there is no prior decision of this Court that the plaintiff's state court action would nullify or circumvent.

    In a prior action before this Court, certain parties sought an award of attorney's fees from the Trust, who was not a party to that litigation. The Court initially denied the application, which required the exploration of legal issues that were not adequately briefed; counsel had not addressed the authority for making an award against an entity that was not a party to the litigation. Counsel was permitted, however, to further brief the issue. Rather than using the opportunity for further briefing to explain the legal basis for an award against a non-party, the

applicants for legal fees switched gears and moved to vacate the judgment and amend the pleadings to add the Trust as a plaintiff, defendant, or both. Counsel did not submit a proposed amended pleading with the motion. In an Order of October 11, 2005, the Court declined to expend further resources on the issue, noting <u>inter alia</u> that the issue was moot given the representation that the Trust had already agreed to pay the attorney's fees.

As this brief recitation should make clear, there has been no ruling on the merits of the application by this Court. Accordingly, the motion to remand is granted. The Clerk of Court shall close the case.

SO ORDERED:

Dated: New York, New York
March 16, 2006

---
DENISE COTE
United States District Judge

2